Jeanne Anne Steffin, Esq. (SBN. 49437)
Law Office of Jeanne Anne Steffin
25422 Trabuco Rd, Ste. 105-660
Lake Forest, California 92630
Telephone: (626) 235-1173
Fax: (626) 227-1999
Email: Jeanneannesteffin@gmail.com

Thomas P. Valet, Esq. (SBN. 2012219) *Pro Hac Vice*
Rappaport Glass Levine & Zullo, LLP
1355 Motor Parkway
Islandia, New York 11749
Telephone: (631) 293-2300
Fax: (631) 293-2918
Email: tvalet@rapplaw.com

Attorneys for Plaintiffs
Timothy Jason Dynes and
Danielle Rene Dynes

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Timothy Jason Dynes and Danielle Rene Dynes,<br>Plaintiffs,<br>v.<br>United States of America,<br>Defendant. | Case No.: [Case No.]<br>**COMPLAINT** |

Plaintiffs, by and through their attorneys, Jeanne Anne Steffin and Thomas P. Valet, respectfully allege upon information and belief, the following:

**JURISDICTION AND VENUE**

1. Jurisdiction for this action in the United States District Court arises under 28 U.S.C § 1346(b) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a), which provides that a tort claim which is administratively denied or not given administrative

disposition within 6 months of the filing of the claim may be presented to a Federal District Court for judicial consideration.

2. Venue is based upon 28 U.S.C. 1402(b) in that the acts or omissions complained of occurred within this judicial district.

**FIRST CAUSE OF ACTION**

**FOR MEDICAL MALPRACTICE**

3. Prior to the commencement of this action, Plaintiffs Timothy Jason Dynes and Danielle Rene Dynes presented Administrative Tort Claims for Damage, Injury or Death (Standard Form 95) to the United States of America, Department of Veterans Affairs, Office of General Counsel, 810 Vermont Ave., Washington, D.C., 20420.

4. More than six months have elapsed since the filing of the aforesaid claims, and the claims have been administratively denied on December 17, 2020 via Certified Mail, and, therefore, litigation can be pursued timely by the Plaintiffs for a period of six months following such denial, up through June 17, 2021.

5. Plaintiffs Timothy Jason Dynes and Danielle Rene Dynes are citizens and residents of the State of California, County of Stanislaus.

6. Upon information and belief, defendant United States of America, at all times mentioned herein, owned, operated, maintained, staffed and controlled a medical facility known as the Sacramento VA Medical Center in Mather, California (hereinafter "VAMC-MATHER"), within this judicial district.

7. Upon information and belief, the physicians, surgeons, nurses, attendants, anesthesiologists, nurse anesthetists, assistants, consultants, staff members, and other medical care providers at the VAMC-MATHER were the ostensible agents, actual agents and employees of the Defendant United States of America, and in doing the things hereinafter mentioned, were acting within the scope of their authority as such agents and employees with the consent of Defendant UNITED STATES OF AMERICA.

8. That Plaintiff Timothy Jason Dynes came under the care of VAMC-MATHER and the afore-mentioned physicians, surgeons, nurses, attendants, assistants, consultants and other health care providers at the VAMC-MATHER, for the purpose of receiving medical care and treatment for various medical conditions, including medical conditions affecting his ears. The Defendant, through its agents and employees, undertook and agreed to care for and treat the Plaintiff, thereby creating a duty of care to Plaintiff Timothy Jason Dynes.

9. On or about October 13, 2017, the Defendant performed a surgical repair of certain medical conditions in Plaintiff Timothy Jason Dynes' left ear. That surgery was expected to last no more than 2.5 hours. However, the surgery on Mr. Dynes took approximately seven hours. For the entirety of that time, Mr. Dynes was kept in a fixed, prone position with his head turned to the right. Consequently, the muscles and nerves in his neck and shoulder were stretched for an excessive amount of time, causing permanent damage to the tissues, muscles and nerves in his neck, left arm and shoulder.

10. That in the aforementioned treatment of Plaintiff Timothy Jason Dynes, and specifically with respect to the careless manner in which the Defendant, its ostensible agents, actual agents, and employees, performed surgery on him, The Defendant negligently failed to possess and failed to exercise that degree of knowledge and skill ordinarily possessed and exercised by other hospitals, physicians, nurses, attendants, assistants, consultants and contractors in the same or similar locality.

11. Defendant, its ostensible agents, servants, physicians, staff members, employees and/or independent contractors were careless and negligent in care and treatment of Plaintiff, Timothy Jason Dynes, in that they failed to properly treat him in accordance with ordinary and customary medical standards; failed to act reasonably in their care and treatment of the Plaintiff; failed to properly examine Plaintiff; failed to properly perform surgery on him; negligently kept his body, head, neck and shoulder in a fixed position during surgery for an unreasonable amount of time; failed to relieve the pressure on the muscles and nerves in his neck and shoulder, failed to take breaks during the prolonged surgery to relieve the stretching and pressure on the neck, arm and shoulder; failed to move Plaintiff's body, neck and shoulder during the surgery so as to relieve the stretching and pressure caused by being in a fixed position for an excessive period of time; and were otherwise negligent and departed from accepted standards of medical practice in their care and treatment of the Plaintiff Timothy Jason Dynes.

12. As a proximate result of the aforesaid negligence and medical malpractice, Plaintiff Timothy Jason Dynes suffered an injury to the muscles, tissues and nerves in his

neck and left arm and shoulder; a left brachial plexus injury; impairment of his ability to move and use his left arm and shoulder; loss of range of motion of his neck, left arm and shoulder; loss of strength in the muscles of the neck, left arm and shoulder; weakness of the neck, left arm and shoulder; pain and suffering; mental anguish and loss of enjoyment of life; and his injuries have interfered with and in some cases prevented him from performing his normal activities of daily living and have interfered with and in some cases prevented him from performing his normal work duties; he has and will continue to incur medical costs and expenses; and he has and will continue to suffer a loss or diminishment of earnings; all of which injuries and damages are permanent in nature.

13. That by reason of the foregoing, Plaintiff Timothy Jason Dynes has been damaged in a sum not to exceed $10,000,000.00.

**SECOND CAUSE OF ACTION**

**FOR FAILURE TO OBTAIN INFORMED CONSENT**

14. Plaintiffs repeat the prior paragraphs of this Complaint as if fully set forth herein.

15. The Defendants, their agents, servants and/or employees, failed to inform Plaintiff Timothy Jason Dynes of the risks, benefits and alternatives related to the care and treatment they provided to her so that an informed consent could be provided.

16. A reasonably prudent person in Plaintiff's position would not have undergone the care and treatment provided by the Defendant, its agents, servants and/or

employees if they had been fully informed of the risks, benefits and alternatives related to the care and treatment provided by Defendant.

17. That as a consequence of the foregoing, there was no informed consent to the care and treatment provided by Defendant to the Plaintiff.

18. The failure to adequately and fully inform Plaintiff of the risks, benefits and alternatives related to the care and treatment provided by Defendant was a proximate cause of the injuries Plaintiff Timothy Jason Dynes sustained.

19. As a proximate result of the aforesaid failure to obtain proper informed consent, Plaintiff Timothy Jason Dynes suffered an injury to the muscles, tissues and nerves in his neck and left arm and shoulder; a left brachial plexus injury; impairment of his ability to move and use his left arm and shoulder; loss of range of motion of his neck, left arm and shoulder; loss of strength in the muscles of the neck, left arm and shoulder; weakness of the neck, left arm and shoulder; pain and suffering; mental anguish and loss of enjoyment of life; and his injuries have interfered with and in some cases prevented him from performing his normal activities of daily living and have interfered with and in some cases prevented him from performing his normal work duties; he has and will continue to incur medical costs and expenses; and he has and will continue to suffer a loss or diminishment of earnings; all of which injuries and damages are permanent in nature.

20. That by reason of the foregoing, Plaintiff Timothy Jason Dynes has been damaged in a sum not to exceed $10,000,000.00.

**THIRD CAUSE OF ACTION**

**ON BEHALF OF PLAINTIFF DANIELLE RENE DYNES**

21. Plaintiffs repeat the prior paragraphs of this Complaint as if fully set forth herein.

22. That at all times hereinafter mentioned, Plaintiff Danielle Rene Dynes was and still is the lawful wife of Plaintiff Timothy Jason Dynes and as such cohabited together with him and she was entitled to the services, society, enjoyment, companionship, comfort, support and consortium of her spouse.

23. That solely by reason of the negligence, carelessness and malpractice of the Defendant, Plaintiff Danielle Rene Dynes has been deprived of the services, society, enjoyment, companionship, comfort, support and consortium of her husband and such loss is continuing into the future, and she has been compelled to incur hospital and medical expenses on her husband's behalf and such expenses are continuing into the future, all to her damage.

24. By reason of the foregoing, Plaintiff Danielle Rene Dynes has been damaged in a sum not to exceed $1,000,000.00.

**WHEREFORE**, Plaintiffs demand judgment against Defendant, United States of America in the amount of $10,000,000.00 on the First Cause of Action, $10,000,000.00 on the Second Cause of Action, and $1,000,000.00 on the Third Cause of Action,

together with the interest, costs and disbursements of this action; and an award of such other and further relief as this Court may deem just and proper.

Dated: March 5, 2021

LAW OFFICE OF JEANNE ANNE STEFFIN
*Attorney for Plaintiffs*

*s/ Jeanne Anne Steffin*
By: Jeanne Anne Steffin, Esq.
25422 Trabuco Rd, Ste. 105-660
Lake Forest, California 92630
Telephone: (626) 235-1173
Fax: (626) 227-1999
Email: Jeanneannesteffin@gmail.com

RAPPAPORT, GLASS, LEVINE & ZULLO, LLP
*Attorneys for Plaintiff*

*s/ Thomas P. Valet*
By: Thomas P. Valet, Esq., *Pro Hac Vice*
1355 Motor Parkway
Islandia, New York 11749
Telephone: (631) 293-2300
Fax: (631) 293-2918
Email: tvalet@rapplaw.com